**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| DAVID MORRELL, : | |
| : | |
|     Plaintiff, : | |
| : | |
| v. : | |
| : | |
| ALLSTATE INSURANCE : | CIVIL ACTION NO. |
| COMPANY, ALLSTATE : | 1:06-CV-2631-RWS |
| ASSURANCE COMPANY, : | |
| ALLSTATE FIRE & CASUALTY : | |
| COMPANY, ALLSTATE : | |
| PROPERTY & CASUALTY : | |
| INSURANCE COMPANY, and : | |
| JOHN DOE #1, : | |
| : | |
|     Defendants. : | |

**ORDER**

This case is before the Court for consideration of Defendants' Motion for Summary Judgment [22]; Plaintiff's Second Motion to Compel Discovery [25]; and Plaintiff's "Motion to Cancel and Reschedule Deposition" [33]. After reviewing the entire record, the Court enters the following Order.

**Background**

Plaintiff David Morrell, proceeding *pro se*, brought this action on September 21, 2006 in the State Court of Fulton County, Georgia, alleging that

AO 72A
(Rev.8/82)

Defendants (hereinafter collectively referred to as "Allstate") breached a homeowner's insurance policy written in favor of Plaintiff.  Plaintiff alleges that on or about September 22, 2005, Plaintiff's primary residence, located at 1440 Portmarnock Drive, Alpharetta, Georgia, "sustained damage as a result of a storm that had struck in his area," and Allstate is contractually obligated to compensate Plaintiff for that damage. (Compl. ¶¶ 9, 11-15.)    Plaintiff seeks damages and attorney's fees.  On October 30, 2006, Allstate removed the instant action to this Court on the basis of diversity of citizenship.

## Discussion

### I.     Plaintiff's Second Motion to Compel

On August 28, 2008 [18], Plaintiff moved to compel Allstate to respond to "all discovery requests as previously requested in plaintiff Morrell['s] first interrogatories and request for production of documents."  By Order dated October 18, 2007, this Court denied Plaintiff's Motion after concluding that Plaintiff "failed to provide a Fed. R. Civ. P. 37(a)(2) certification that he had conferred in a good faith attempt to resolve the matter without court action," and after observing that Allstate in fact responded to Plaintiff's discovery requests.  (See Order of Oct. 18, 2007 [23] at 2.)

2

Several weeks later, Plaintiff filed the instant Motion to Compel seeking substantially similar relief.  In his Motion, Plaintiff seeks a court order compelling Allstate to "provide complete written responses to all discovery requests as previously requested in plaintiff Morrell's first interrogatories and requests for production of documents to Defendant (Allstate), and Plaintiff Morrell's first motion to compel."  (See Pl.'s Mot. to Compel [25] at 2-3.)

For the same reason as provided in the Court's Order of October 18, 2007, the Court denies Plaintiff's Motion.  Despite the admonition of this Court in its previous Order, Plaintiff again has failed to provide a Fed. R. Civ. P. 37(a)(2) certification that he has conferred with Allstate in a good faith attempt to resolve this matter without court action.  See Cooper v. Atlanta Board of Education, WL 288221 (N.D. Ga. 2006).  Accordingly, Plaintiff's Second Motion to Compel [25] is **DENIED**.

## II.     Defendant Allstate's Motion for Summary Judgment

### A.     Summary Judgment Standard

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to

3

judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (internal quotations omitted)). Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

The applicable substantive law identifies which facts are material. Id. at 248. A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law. Id. An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249-50.

In resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the

4

non-moving party.  Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002).  But, the court is bound only to draw those inferences which are reasonable.  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted); see also Matsushita, 475 U.S. at 586 (once the moving party has met its burden under Rule 56(c), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts").

With this standard as a foundation, the Court turns to address the merits of Allstate's Motion for Summary Judgment.

### B.  Plaintiff's Claim is Barred by the Statute of Limitations

Allstate moves for summary judgment, contending that Plaintiff's claim is barred by the one-year-limitation clause contained in the Homeowner's Policy ("Policy") entered into between Plaintiff and Allstate.  The Policy states as follows:

5

> No suit or action may be brought against us unless there has been full compliance with all policy terms. Any suit or action must be brought within one year after the inception of the loss or damage.

(Ex. A to Def.'s Mot. for Summ. J. [22], Policy Form AP782, p. 18.)

The Georgia Court of Appeals has held identical language in an insurance policy enforceable. McCoury v. Allstate Ins. Co., 254 Ga. App. 27, 28, 561 S.E.2d 169 (2002) ("[A]n insurance policy provision placing a one-year limitation upon the right of the policyholder to sue the insurer is valid and enforceable even though it shortens the period allowed by statute."); see also Continental Casualty Co. v. Synalloy, 667 F. Supp. 1550, 1560 (S.D. Ga. 1985); Shelter America Corp v. Georgia Farm Bureau Mutual Ins. Co., 209 Ga. App. 258, 260, 433 S.E.2d 140 (1993). Moreover, the phrase "inception of the loss" refers to the date of "the actual loss to the insured." Herring v. Middle Georgia Mut. Ins. Co., 149 Ga. App. 585, 586, 254 S.E.2d 904 (1979); see also Zuckerman v. Transamerica Ins. Co., 133 Ariz. 139, 650 P.2d 441, 447 (1982) (holding that "the phrase 'inception of the loss' is not ambiguous and clearly denotes the time at which the loss occurs"). Plaintiff does not dispute that the clause at issue is enforceable and requires him to file suit within one year of the date of actual loss. Rather, Plaintiff opposes Allstate's motion by asserting that

6

a fact question exists concerning whether the injuries he sustained actually occurred within one year of his bringing suit.

Under Georgia law, a suit-limitations defense is an affirmative defense, and therefore the burden is on the defendant to come forward with evidence sufficient to demonstrate a *prima facie* case that the plaintiff's claim falls outside of the limitations period.  See, e.g., Falanga v. Kirschner & Venker, P.C., 286 Ga. App. 92, 97, 648 S.E.2d 690 (2007).  Once the defendant establishes a *prima facie* case, however, the burden shifts to the plaintiff, who "has a duty to come forward with some evidence to create a material issue of fact for the jury regarding the running of the [limitations period]."  Miller v. Kitchens, 251 Ga. App. 225, 226, 553 S.E.2d 300 (2001); see also Houston v. Doe, 136 Ga. App. 583, 585-86, 222 S.E.2d 131 (1975).

### A.     Allstate's *Prima Facie* Case

Allstate contends that the damage to Plaintiff's home was caused by the wind gusting, heavy rain, and tornadoes that occurred when Hurricane Katrina hit Alpharetta, Georgia, on August 25 and 26, 2005.  Allstate supports this contention by pointing to admissions made by Plaintiff in various communications with Allstate.  For example, on February 11, 2006, Plaintiff

7

wrote Allstate demanding compensation for the damage to his home, claiming it had been caused by Hurricane Katrina:

> I called a claim into your company over 6 months ago *because of Katrina* related high wind, driving rain, storm and/or tornado damage to my home at 1440 Portmarnock Dr., Alpharetta, GA 30005. . . . .

(Ex. B to Def.'s Mot. for Summ. J. [22], Letter from David Morrell to Allstate Insurance Co., Feb. 11, 2006, at 26-28 (emphasis added).)

Ten days later, on February 21, 2006, Plaintiff wrote Allstate, stating that he had been in contact with Allstate since August 2005 about his insurance claim, indicating that the damage occurred in August 2005 or earlier:

> I am writing this letter to request that you honor your contractual agreement . . . . I have requested that you authorize the repairs *since August, 2005*, verbally on 6 or 8 occasions and in writing on several occasions . . . .

(Ex. B to Def.'s Mot. for Summ. J. [22], Letter from David Morrell to Allstate Insurance Co., Feb. 21, 2006, at 29-30 (emphasis added).)

Again in June of 2006, Plaintiff wrote Allstate, stating that his claim had been filed in August of 2005:

> Please review the enclosed file.  I would like to settle this claim if possible . . . . Please let me know by July 4th, 2006, as *it has been opened since Aug, 2005*.  I've been out of the house now almost 1 year . . . .

8

(Ex. B to Def.'s Mot. for Summ. J. [22], Letter from David Morrell to Allstate Insurance Co., dated June [], 2006, at 31 (emphasis added).)

Allstate also points to the report of an engineer hired by Plaintiff, Construction Consulting Services, Inc., who inspected Plaintiff's home to determine the repairs needed. Plaintiff's engineer composed his report based on the understanding that Plaintiff's home was damaged on August 29 and 30, 2005, due to the effects of Hurricane Katrina. In the report, Plaintiff's expert wrote as follows:

> It is my understanding that *the house experienced a significant amount of water infiltration due to the effects of Hurricane Katrina as it passed through the Atlanta area this past August 29th and 30th, 2005*. At Peachtree DeKalb airport (KPDK) on the 29th of August a maximum wind gust of 24mph, sustained winds of 13 mph with 1.14 inches of rain was observed. On the 30th of August a maximum wind gusts [sic] of 31 mph, sustained winds of 22 mph with 0.26 inches of rain was observed. . . .

(Ex. B to Def.'s Mot. for Summ. J. [22], at 32-34 (emphasis added).)

Finally, Allstate has entered into evidence two receipts submitted by Plaintiff as a part of his claim for compensation. The first receipt, which concerns damage to his high-definition television system, is signed by the Plaintiff and dated August 29, 2005, the day Hurricane Katrina first hit the Alpharetta area. (See Ex. B-1 to Defs.' Reply [28].) The second receipt, which

9

concerns damage to his HVAC system, is also signed by the Plaintiff and dated September 9, 2005, approximately two weeks after Hurricane Katrina and over one year prior to the date Plaintiff filed suit in this action. (See Ex. B-2 to Defs.' Reply [28].)

Based on (1) Plaintiff's admissions that his home damage occurred in August of 2005 as a result of Hurricane Katrina, (2) Plaintiff's expert's understanding that damage occurred as a result of Hurricane Katrina on August 29 and 30, 2005, and (3) the receipts evidencing damage to systems inside of Plaintiff's home which were signed by Plaintiff and dated over one year prior to the time he filed suit, the Court concludes that Defendant has met its burden of demonstrating a *prima facie* case that Plaintiff's injuries actually occurred more than one year prior to the time he filed suit. Accordingly, the Court turns to examine whether Plaintiff has met his duty to produce "affirmative evidence to show that a genuine issue of material fact does exist" concerning whether the injuries he suffered occurred during the limitations period. Anderson, 477 U.S. at 257; Miller, 251 Ga. App. at 226; Houston, 136 Ga. App. at 585-86.

### B.     Plaintiff's Rebuttal

In response to Allstate's Motion for Summary Judgment, Plaintiff contends that he cannot be certain of the exact date that his house sustained

10

damage because he did not discover the damage until he returned from business-related travel in Florida.  He contends that he "does not know the exact date that the damage occurred," and that it "could have occurred at any date, time or hour before it was discovered by Plaintiff Morrell."  (See Pl.'s Resp. [26] at 2-3; Pl.'s Aff. [26] ¶ 11.)[1]  Plaintiff contends that he only initially "assumed that the damage was a result of Hurricane Katrina's passage through the Atlanta area, and/or the aftermath of Hurricane Katrina's tornados, lighting, and/or rain storms, which occurred during Hurricane Katrina, and for many weeks afterwards."  (Id. at 3.)  But for Plaintiff, the important fact is that "the damage was discovered and the claim was filed on September 22, 2005, and any mention of August 30, 2005, was either a mistake and/or utilized as a possibility of how and when the damage occurred."  (Id. at 5.)  Accordingly, it could have been caused at anytime prior to that date, even by "just a freak twister."  (Id. at

---

[1] Plaintiff states as follows:

> I do not know when the damage actually occurred to the home located at 1440 Portmarnock Drive, Alpharetta, Georgia 30005.  I only assumed that it happened due to Hurricane Katrina and/or within the immediate three weeks after Katrina, due to the fact that there were many storms, tornados, and high winds that resulted during Katrina, and during the three weeks after Katrina in the Atlanta/Alpharetta, Georgia area.

(Morrell Aff. [34-2] ¶ 11.)

11

6.) Plaintiff's response to Allstate's evidence of dated receipts—which appear to demonstrate that he was at his home on the day Hurricane Katrina struck and two weeks later—is less clear. Plaintiff asserts that, although he "believes the damage [to his HDTV and HVAC systems] to be the result of one-named storm (Katrina) and its aftermath storms, twisters, etc.," he also believes that the damage to those items occurred as the result of lightning storms "on an earlier, separate occasion" than the damage he sustained to the remainder of his house. (Pl.'s Sur-Reply [34] at 3.)

The problem with Plaintiff's contention is that he has failed to come forward with *affirmative* evidence to rebut Allstate's *prima facie* showing that Plaintiff's claim arose over one year prior to his filing suit on September 21, 2006. Although Plaintiff contends that the Court cannot be sure as to exactly when the damage in this action occurred, the evidence presently in the record allows only for one conclusion to be drawn: that the damage occurred either on August 29 or August 30, 2006—the dates Plaintiff initially claimed in his dealings with Allstate that the damage to his home occurred and the only dates that record evidence has been offered concerning the existence of wind or rain storms. Although Plaintiff notes the *possibility* of "afterstorms," Plaintiff has offered no evidence in the record that there were any such additional storms or

12

"freak twister[s]" within one year prior to his filings suit but before he filed his claim with Allstate on September 22, 2005.  In sum, Plaintiff has failed to meet his burden of coming forward with genuine affirmative evidence that creates a material dispute of fact concerning whether he sustained the damage at issue within one year of the limitations period.   Accordingly, the Court concludes that Plaintiff's claim is barred by the one-year limitations period in the Policy at issue.  Defendant Allstate's Motion for Summary Judgment is **GRANTED**.

### III.     Plaintiff's "Motion to Cancel and Reschedule Deposition"

As a result of the Court's disposition above,  Plaintiff's "Motion to Cancel and Reschedule Deposition" [33] is **DENIED as moot**.

### Conclusion

For the foregoing reasons, Defendant Allstate Insurance Company's Motion for Summary Judgment [22] is **GRANTED**.  The Clerk is **DIRECTED** to **ENTER JUDGMENT** in favor of Defendants and against Plaintiff in this action.  Plaintiff's Second Motion to Compel Discovery [25] is **DENIED**.  And Plaintiff's "Motion to Cancel and Reschedule Deposition" [33] is **DENIED as moot**.

AO 72A
(Rev.8/82)

**SO ORDERED**, this  14th  day of April, 2008.


_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE